IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AASIM IBN WILLIE NASH** : | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | **NO. 08-1045** |
| **COUNTY OF NORRISTOWN, PA and** | : | |
| **THE ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA** | : | |
| Defendants. | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 10th day of March, 2008, upon consideration of petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2254, and petitioner's Motion to Proceed *In Forma Pauperis* (Document No. 1, filed February 29, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED**, that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**; and,

2. This civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) on the ground that it is legally frivolous and factually baseless.

**IT IS FURTHER ORDERED** that the entry of this Order is **WITHOUT PREJUDICE** to petitioner's right to file a Petition for Habeas Corpus under 28 U.S.C. § 2254 that sets forth the factual basis for his claim that he is being illegally detained, and complies in all other respects with the law applicable to the filing of petitions under 28 U.S.C. § 2254.

## MEMORANDUM

**I.   INTRODUCTION**

Petitioner, Asim Ibn Willie Nash, filed a Petition under 28 U.S.C. § 2254 on February 29, 2008.  He appears to be confined at Norristown Hospital and is claiming, among other things, that his confinement at that institution is illegal.

With his Habeas Corpus Petition, petitioner filed a Motion to Proceed *In Forma Pauperis*.  As it appears plaintiff is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted.  However, for the reasons which follow, the Petition is dismissed as both legally frivolous and factually baseless in substantial part pursuant to 28 U.S.C. §1915(e).  The entry of this Order is without prejudice to petitioner's right to file a Petition for Habeas Corpus under 28 U.S.C. § 2254 that sets forth the factual basis for his claim that he is being illegally detained, and complies in all other respects with the law applicable to the filing of petitions under 28 U.S.C. § 2254.

**II.   BACKGROUND**

Petitioner claims that the judgment of conviction which led to his confinement at Norristown State Hospital was entered by "Mental Health court 8th & girard Phila PA 19132."  The date of Judgment is stated to be November 15, 2007.  The length of sentence is stated to be "20 days and 90 days."  "Alledged self tatooing of my skin punching my sister in the Face smoking cigarettes" are identified as the nature of the offenses for which he was convicted.

The Petition identifies the grounds for relief as follows:

Ground One: "I hate white people."  As supporting facts for ground one, petitioner states "all the Judges (state) and District Attorneys and psychiatrists are weak white people."

Ground Two: "I didnt do none of the 302 or 304 Form." The supporting facts for ground two are stated to be: "I Jerk my dick and cause no trouble Im clean and take pride in it."

Ground Three: "I get my medication From Rite aid pharmacy not a mental institution." The supporting facts for ground three are stated to be: "I have a 400 IQ 430 IQ with one cup oF coFFee Im not gay I love money 302 304 Forms are For age 18 Im 32 years old."

Ground Four: "No one tells me what to do in the USA Im a US citizen lawFully."  The supporting facts for ground four are stated to be: "302 304 Forms are disrespect I knock people out on the streets of Philly judges and cops."

All of the foregoing claims are legally frivolous and factually baseless with the possible exception of Ground Two which, interpreted liberally, claims that petitioner is being detained illegally.

### III.    STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2) provides, in relevant part, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ...(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted ...." 28 U.S.C.A. § 1915(e)(2) (West Supp. 1999).  The "statute's instruction that an action may be dismissed if the court is 'satisfied' that it is frivolous ... indicates that frivolousness is a decision entrusted to the discretion of the court." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

The standard under which a district court may dismiss an action as frivolous under § 1915(e)(2) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e)(2) is appropriate either when the action is "based on an indisputably

meritless legal theory" or when it posits "factual contentions [that] are clearly baseless." Id. at 327.  In making its § 1915(e) determination, the Court is not bound to accept without question the truth of Plaintiff's allegations simply because they cannot be rebutted by judicially noticeable facts.  See Denton, 504 U.S. at 32.  The court is given the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.  However, the court must keep in mind "the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.'"  Denton, 504 U.S. at 33.

**IV.   DISCUSSION**

Grounds One, Three and Four are plainly legally frivolous and factually baseless and are dismissed for that reason.  No discussion is required.

In Ground Two, petitioner states "I didnt do none of the 302 or 304 Forms."  Construing that allegation liberally, the Court concludes that petitioner is stating that his confinement is illegal.  However, the Petition fails to state any facts supporting that claim.  It is for that reason that, although the action is dismissed as legally frivolous and factually baseless, the dismissal is without prejudice to petitioner's right to file a new Petition under 28 U.S.C. § 2254 in which he asserts the factual basis for his claim that his confinement at Norristown State Hospital is unlawful.  All facts supporting the claim must be included in the Petition.

BY THE COURT:

/s/ Honorable Jan E. DuBois
JAN E. DUBOIS, J.